| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Bernard J. Kornberg (SBN 252006)(bkj@severson.com)<br>SEVERSON & WERSON<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>(T) (415) 398-3344; (F) (415) 956-0439<br><br>Ivette Zamora (SBN 286243)(iz@severson.com)<br>SEVERSON & WERSON<br>19100 Von Karman Ave., Ste 700<br>Irvine, CA 92612<br>(T) (949) 442-7110; (F) (949) 442-7118<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**DEC 20 2019**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY egonzale DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –** *SAN FERNANDO VALLEY* **DIVISION**

| | |
|---|---|
| In re:<br>MICHAEL T. STOLLER | CASE NO.: 1:19-BK-11646-MT<br>CHAPTER: 11 |
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(Action in Nonbankruptcy Forum)** |
| | DATE: December 18, 2019<br>TIME: 10:00 a.m.<br>COURTROOM: 302<br>PLACE: 21041 Burbank Blvd.,<br>Woodland Hills, CA 91367 |
| Debtor(s). | |

**MOVANT:** U.S. BANK NATIONAL ASSOCIATION, as Trustee for Adjustable Rate Mortgage Trust 2006-2, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2006-2 (erroneously sued as U.S. BANK, N.A., individually and as Trustee for Adjustable Rate Mortgage Trust 2006-6; Adjustable Rate Mortgage Back Pass Through Certificates Series 2006-2); and WELLS FARGO BANK, N.A., d/b/a America's Servicing Company

1. The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:
   Name of Nonbankruptcy Action:  Michael T. Stoller and Vanessa Stoller v. Wall Street Mortgage Bankers, et.al.

   Docket number:  LC102689

   Nonbankruptcy court or agency where the Nonbankruptcy Action is pending:  Superior Court of California, County of Los Angeles- Northwest District

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

3. The Motion is granted under 11 U.S.C. § 362(d)(1).

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to the Motion.

   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5. **Limitations on Enforcement of Judgment:** Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law. Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

   a. ☐ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

   b. ☐ Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

   c. ☒ See Box 11.

6. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☒ Other *(specify)*: Debtor filed the Nonbankruptcy Action naming Movant as a defendant on March 5, 2015. Movant has not filed a cross-complaint, or otherwise sought affirmative claims against Debtor. On July 3, 2019, Debtor filed this bankruptcy case. At an informal discover conference held on October 24, 2019, the state court stated that it would require an order of the bankruptcy court lifting the automatic stay before it would allow the Nonbankruptcy Action to proceed. Through this order, the Court confirms that allowing the Nonbankruptcy Action to proceed will not violate the automatic stay.

Date: December 20, 2019

*Maureen A. Tighe*
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 2                          F 4001-1.RFS.NONBK.ORDER